

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DRACY LAMONT McKNEELY,                    )         CASE NO. CV 15-01268 RT (RZ)
                                          )
                    Petitioner,           )
                                          )         ORDER SUMMARILY DISMISSING
          vs.                             )         HABEAS ACTION FOR LACK OF
                                          )         JURISDICTION
JACK FOX/BOP, et al.,                     )
                                          )
                    Respondents.          )
_____       )

       Petitioner, a federal inmate, seeks 28 U.S.C. § 2241 habeas relief because he believes the Bureau of Prisons (BOP) erred in deciding to house him at a high security facility. Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition and the records on file, including the Declaration filed by the Petitioner on March 9, 2015. The Court will dismiss the action summarily for lack of jurisdiction.

## I.

## INTRODUCTION

       Petitioner is imprisoned for a 1994 federal conviction in Colorado for trafficking what that district court determined was over four kilograms of cocaine. *See generally U.S. v. McKneely*, 69 F.3d 1067 (10th Cir. 1995) (affirming conviction and sentence). Now assigned to high security housing at Lompoc, Petitioner prefers to be housed in a lower security prison within the BOP system. The reason he remains in higher

security housing is that the BOP found that Petitioner's drug trafficking organization was a "large scale" one. Petitioner disputes that finding, which automatically categorized his offense, for housing-assignment purposes, as one of the "Greatest Severity" necessitating higher security. *See* Pet. at 5. Petitioner seeks habeas to compel the BOP to remove its "large scale" finding, thus eliminating the "Greatest Severity" categorization, and to assign him corresponding lower-security housing. The Court lacks jurisdiction to review such individualized, fact-based and discretionary BOP decisions.

## II.

## APPLICABLE LAW

### A.    The BOP's Authority Over Its Prisoners' Housing Assignments

The BOP generally has the authority to choose where to locate federal prisoners within the federal prison system. Under 18 U.S.C. § 3621(b), the BOP may designate the place of an inmate's imprisonment, including transfers "at any time." *Rodriguez v. Smith*, 541 F.3d 1180, 1182, 1185 (9th Cir. 2008). Such decisions are discretionary, but the BOP must consider the following five factors in making them:

(1)    the resources of the facility contemplated;

(2)    the nature and circumstances of the offense;

(3)    the history and characteristics of the prisoner;

(4)    any statement by the court that imposed the sentence –

    (A)    concerning the purpose for which the sentence to imprisonment was determined to be warranted; or

    (B)    recommending a type of penal or correctional facility as appropriate; and

(5)    any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b); *Rodriguez*, 541 F.3d at 1188.  (Here, the critical subsection is 2, "the nature and circumstances of the offense.")   But another statute provides that the judicial-review provisions of the Administrative Procedure Act "do not apply to the making of any determination, decision, or order" under 18 U.S.C. sections 3621 through 3624 ("this subchapter").  18 U.S.C. § 3625.  The Court next turns to the consequences of this second statute.

**B.     Courts Lack Jurisdiction To Review Individualized, Discretionary BOP Housing Assignments**

As this Court explained in a similar action by a federal prisoner challenging his federal-prison housing assignment,

> The court does not have subject matter jurisdiction with respect to the BOP's individualized determination of his request.  In *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011), the Ninth Circuit determined that 18 U.S.C. § 3625 precludes judicial review of "any determination" by BOP made pursuant to 18 U.S.C. §§ 3621-3624.[3]  That includes actions brought pursuant to the Administrative Procedure Act ("APA") and habeas.  *Id*. at 1225-27.  "To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625."  *Id*. at 1227 . . . .
>
>> [3] Although *Reeb* involved a determination regarding the residential drug abuse program ("RDAP") as opposed to a CCC [community corrections center] or home detention, the difference is immaterial as the RDAP determination is also made pursuant to § 3621.

*Brown v. Sanders*, No. 11-4066 JST (AGR), 2011 WL 4899919, at *2 (C.D. Cal. Sept. 1, 2011) (R&R), *accepted*, 2011 WL 4896513 (Oct. 10, 2011).  *Reeb* left open the proverbial door to some kinds of habeas challenges to BOP decision-making.  "Although judicial

review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority, Reeb's habeas petition alleges only that the BOP erred in his particular case."  636 F.3d at 1228.

### III.

### DISCUSSION

Like the prisoners in *Reeb* and *Brown*, Petitioner argues "only that the BOP erred in his particular case."  He does not *genuinely* contend that the BOP action was contrary to federal law.  To be sure, Petitioner strives to label his way around § 3625's no-judicial-review rule.  For example, he alleges, on page 1 and throughout his petition, that the BOP's "actions exceed[] its statutory authority."  But behind and notwithstanding such labelings, the gravamen of Petitioner's complaint is simply that the BOP erred in finding that his drug ring was a "large scale" one.

Before moving on, the Court notes that it is possible that the "large scale" finding was wrong.  On the one hand, Petitioner asserts that the trial judge, in aggravating Petitioner's sentence over two decades ago for Petitioner's having a leadership role in the drug enterprise, explained that "in relatively small enterprises such as" Petitioner's, "the distinction between" leaders and non-leaders is "less significant than in larger enterprises that tend to have clearly delineated divisions of responsibility."  Pet. at 5.  (Petitioner supplies no citation whereby the Court can verify this quotation.  Morever, the trial judge may have been referring to the number of traffickers, not the quantity of cocaine they were trafficking.)  Petitioner also includes exhibits suggesting that, as recently as one year ago, the BOP classified him as only a "High" public safety risk, in contrast to the apparently new classification of "Greatest" risk, due solely to a new finding that his 1993 commitment offense involved "large scale" drug trafficking.  On the other hand, as noted at the outset,

the trial court found that Petitioner's underlying conduct included distributing over four kilograms of cocaine. That amount suggests a "large scale" drug distribution business.[1]

But Congress has determined that such factual disputes affecting BOP housing assignments are to be determined by the BOP and in the administrative appeals process, not in federal courts. Even if the BOP did err in finding Petitioner's drug-trafficking organization to be "large," that finding did not violate federal law or otherwise exceed the BOP's authority. Under 18 U.S.C. § 3625, *Reeb* and *Brown*, this Court lacks jurisdiction to review the BOP's alleged error. *See Bride v. McClintock*, No. CV-13-00136-TUC-JGZ (D. Ariz. Jan. 12, 2015) (citing § 3625 and *Reeb* in dismissing § 2241 petition by prisoner challenging BOP's "large scale drug activity" finding and resulting assignment to a higher-security prison).

## IV.

## CONCLUSION

On February 25, 2015, the U.S. Magistrate Judge dismissed the petition with leave to amend within 21 days, to cure shortcomings in the Petition. *See* Docket Entry #3. Petitioner filed a First Amended Petition on March 4, 2015. *See* Docket Entry # 4. For the reasons stated above, the First Amended Petition contains allegations of BOP error in its housing determination for Petitioner, over which the Court lacks jurisdiction. Therefore, for the foregoing reasons, the Court DISMISSES this action without prejudice for lack of jurisdiction.

DATED: March 25, 2015

ROBERT J. TIMLIN

_____
ROBERT J. TIMLIN
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] According to the United Nations Office on Drugs and Crime, the 1993 street price of cocaine, in 2010 dollars, was $183 per gram. *See* UNODC chart, *available at* http://www.unodc.org/unodc/secured/wdr/Cocaine_Heroin_Prices.pdf. The court takes judicial notice of these adjudicative facts, as they are capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201 and advisory committee notes. Based on that dollar amount, the street value of four kilograms of cocaine in 1993 was $732,000 in 2010 dollars.